1  PITE DUNCAN, LLP
   MATTHEW M. MCARTHUR (Bar #11649)
2  EDDIE R. JIMENEZ (Bar #10376)
   701 Bridger Avenue, Suite 700
3  Las Vegas, Nevada 89101
   Telephone: (858) 750-7600
4  Facsimile:  (619) 590-1385
   E-mail:  ecfnvb@piteduncan.com

   MAILING ADDRESS:
6  4375 Jutland Drive, Suite 200
   P.O. Box 17933
7  San Diego, California 92177-0933

8  Attorneys for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
   LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1, BY
9  VERICREST FINANCIAL, INC. ACTING AS SERVICER

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| In re | Bankruptcy Case No. 12-16189-BTB |
|---|---|
| JACKIE L. ROBINSON, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | CONFIRMATION HEARING:<br>DATE:   August 20, 2012<br>TIME:   1:30 PM<br>CTRM:   Foley Building, Third Floor |

Deutsche Bank National Trust Company, as Trustee for LSF6 Mercury REO Investments Trust Series 2008-1, by Vericrest Financial, Inc. acting as servicer[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Jackie L. Robinson (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. Vericrest Financial, Inc acts as the servicing agent for Creditor. The basis of the objection is stated below:

/././

/././

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -

# I.

## STATEMENT OF FACTS

1. On or about September 25, 2006, Jackie L. Robinson and Maria Robinson (collectively "Borrowers"), for valuable consideration, made, executed and delivered to The CIT Group Consumer Finance, Inc. (hereinafter "Lender") a Home Equity Line of Credit Agreement in the principal sum of $500,000.00 (the "Line of Credit"). Pursuant to the Line of Credit, Borrowers are obligated to make monthly principal and interest payments. A copy of the Line of Credit is attached hereto as **exhibit A** and incorporated herein by reference.

2. On or about September 25, 2006, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 2201 Glenbrook Way, Las Vegas, Nevada 89117 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on October 2, 2006, in the official records of the Clark County Recorder's office. A copy of the Deed of Trust is attached hereto as **exhibit B** and incorporated herein by reference.

3. Creditor qualifies as the Note holder with standing to prosecute the instant objection as Lender indorsed the Note in blank, thereby converting the Note to a bearer instrument and Creditor is currently in rightful possession of the indorsed in blank Note.

4. On or about May 24, 2012, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides no provision for payment to the Chapter 13 Trustee, nor does Debtor indicate the term of the Plan. Moreover, Debtor's Chapter 13 Plan contains no provision for payment to Creditor on its pre-petition arrears.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $67,682.39. A copy of Creditor's Proof of Claim is attached hereto as **exhibit C** and incorporated herein by reference.

6. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor by approximately $1,128.04 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage specified in the Debtor's Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $67,682.39. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor by approximately $1,128.04 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C. FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtor's Schedule J indicates that the Debtor has disposable income of $0.00. However, Debtor will be required to apply $1,128.04 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtor lacks sufficient monthly disposable income with which to fund this Plan.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. That Debtor's case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding sixty (60) months; and

4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtor to maintain

- 3 -

1 | current Plan payments to the Chapter 13 Trustee; and

2 |     5.    For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

PITE DUNCAN, LLP

Dated: August 16, 2012

/s/ Matthew M. McArthur
MATTHEW M. MCARTHUR Bar #11649
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(702) 413-9692
Attorney for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1, BY VERICREST FINANCIAL, INC. ACTING AS SERVICER.

- 4 -

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

CASE NO. 12-16189-BTB

CERTIFICATE OF SERVICE BY MAIL

I, <u>Megan Bourbeau</u>, am a resident of San Diego, California, and I am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

I served the attached OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN by placing a true copy thereof in an envelope addressed to:

SEE ATTACHED SERVICE LIST

which envelope was then sealed and postage fully prepaid thereon, and thereafter on <u>August 16, 2012</u> deposited in the United States Mail at San Diego, California. There is regular delivery service between the place of mailing and the place so addressed by the United States Mail.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:     <u>August 16, 2012</u>          <u>/s/ Megan Bourbeau</u>

- 5 -

## SERVICE LIST

**DEBTOR(S)**

Jackie L. Robinson
2201 Glenbrook Way,
Las Vegas, NV 89117

**DEBTOR(S) ATTORNEY**

Stefanie H. Clement
9960 West Cheyenne Avenue, #190
Las Vegas, NV 89129

**CHAPTER 13 TRUSTEE**

Rick A. Yarnall
701 Bridger Ave., #820
Las Vegas, NV 89101

**U.S. TRUSTEE**

Chapter 13 Trustee
Department of Justice
300 Las Vegas Blvd., So., Suite 4300
Las Vegas, NV 89101